UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANJAKNIE ROUNDTREE,<br>    *Plaintiff*,<br><br>v.<br><br>DEPARTMENT OF CHILDREN AND<br>FAMILIES *et al.*,<br>    *Defendants*. | No. 3:21-cv-1335 (JAM) |

**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**

Anjaknie Roundtree has filed *in forma pauperis* a *pro se* civil rights complaint against the Department of Children and Families, Nichole Stewart, and the Superior Court for Juvenile Matters at Rockville. But because it appears that the complaint fails to allege facts giving rise to a plausible ground for relief, the Court shall require Roundtree to file an amended complaint or a response by **April 22, 2022**, explaining why the complaint should not be dismissed.

### BACKGROUND

Roundtree complains that the Department of Children and Families (DCF) has "violated "multiple procedures and guidelines."[1] First, she says DCF made "[f]alse claims" by "falsifying multiple documents" and submitting those "[f]alse documents … to instate a speedy trial" and to "expedit[e] court dates."[2] Second, she says her next court date was not scheduled for nine months and that she was "emailed to attend," whereas "Mother was subpoena[ed] to come to court."[3] Third, she says DCF and its staff have dictated home visits and "harassed" her rather than properly scheduling visits.[4] Fourth, she claims that she was the victim of "gender bias"

---

[1] Doc. #1 at 3.
[2] *Id*. at 3-4.
[3] *Id*. at 3.
[4] *Ibid*.

1

associated with her "aspirations to attend law school."[5]

Roundtree seeks $1,000,000 in damages for the "case discrepancy," pain and suffering, and emotional harms, as well as a full investigation and imprisonment if any negligence is discovered.[6]

## DISCUSSION

The Court has authority to review and dismiss a complaint if it "is frivolous or malicious" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). To be sure, if a plaintiff is *pro se*, the Court must give her complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Roundtree may promptly respond or file an amended complaint that addresses these concerns.

Roundtree's complaint does not allege a plain and simple statement of her claims and include facts that show that each of the named defendants should be liable for the wrongs that she alleges. A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And it must back up the claim with "sufficient factual matter" to make it plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[5] *Id.* at 3–4.
[6] *Id.* at 5.

2

Roundtree has not done that. Most of her allegations are fragmentary with little factual support at all. She claims that she suffered the falsification of documents and gender discrimination but offers no supporting details for those claims. She says she requested a transcript of an oral ruling and did not receive any documentation, but she has not offered any facts supporting the inference that this was because of her gender or plans to attend law school.

Roundtree gives slightly more detail with respect to scheduling issues, but those details cut against any claim she might bring. She says that DCF switched a case conference upon the request of Assistant Attorney General Nisa Khan, even though a new trial date was submitted.[7] But she attaches an email record in which she expressed "no objections to the date selected" when Khan sought permission to continue the case status conference from September 30, 2021, to October 12, 2021.[8] And she offers no explanation as to how she was harmed by this scheduling change or what claim she might bring in federal court on that basis.

The remaining documentation Roundtree has provided demonstrates that a social worker at DCF named Nichole Stewart repeatedly sought to get in touch with her to schedule home visits, but that Roundtree resisted invitations to meet, communicate by phone, or disclose where she and her children were then staying.[9] Without more, these documents do not support Roundtree's claim that DCF harassed her or improperly sought to dictate home visits.

The remaining documents Roundtree has adduced appear to show a short calendar hearing scheduled on a motion for emergency relief, a doctor's note for an appointment on October 13, 2021, at 10:00am, and what appears to be a wedding photo.[10] Without further details

---

[7] *Id* at 3.
[8] *Id*. at 6.
[9] *Id*. at 7-10.
[10] *Id*. at 11-13.

to show the significance of these documents, Roundtree's allegations do not state plausible grounds for relief.

The Court notes that Roundtree has failed to respond to a previous order to show cause why another suit she brought against DCF and other defendants should not be dismissed, resulting in the dismissal of that action.[11] In addition, Roundtree has two other pending cases involving substantially similar claims of gender bias and harassment against DCF, the Rockville Juvenile Court, and other state defendants.[12] A plaintiff "ha[s] no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000). If Roundtree fails to identify the distinct factual basis and nature of the relief she seeks in each case against each defendant, the Court may stay or dismiss her duplicative suits. *See Malcolm v. Rochester City Sch. Dist.*, 828 F. App'x 810, 811 (2d Cir. 2020); *Sentementes v. Lamont*, 2021 WL 1978790 (D. Conn. 2021).

## CONCLUSION

It appears that the complaint is subject to dismissal under § 1915(e)(2)(B). But if Roundtree has grounds to file an amended complaint or to show why the complaint should not be dismissed, she may file a response to this order to show cause by **April 22, 2022**.

It is so ordered.

Dated at New Haven this 8th day of April 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

[11] *See Roundtree v. Lamont*, 3:21-cv-1163 (JAM), Docs. #8 (order to show cause); #9 (dismissal).
[12] *See Roundtree et al. v. Connecticut et al.*, 3:31-cv-1199 (JAM) (filed September 9, 2021); *Roundtree v. Rockville Juvenile Court et al.*, 3:21-cv-1289 (JAM) (filed September 28, 2021).